UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-10458-RWZ


MERIT CONSTRUCTION ALLIANCE, *et al.*

v.

CITY OF QUINCY


MEMORANDUM OF DECISION

February 1, 2013


ZOBEL, D.J.

The City of Quincy requires all contractors bidding on city construction projects to maintain an apprenticeship program approved by the Massachusetts Division of Apprentice Training. Plaintiffs challenge that requirement as preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. The parties now cross-move for partial summary judgment.

I.    **Background**

The background facts are explained in the court's previous order on plaintiffs' motion for a preliminary injunction. Briefly, plaintiffs are two construction companies, a trade association of construction companies, and a construction worker. They originally sued Quincy to challenge a number of city regulations imposing prerequisites on bidders for public works projects. Most of those claims are being settled, leaving only the present dispute over Quincy's apprenticeship requirement.

## II.     Legal Standard

Summary judgment will be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court must view the record in the light most favorable to the nonmovant and draw all justifiable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Where the parties cross-move for summary judgment, the court applies this standard to each motion. See Atlantic Fish Spotters Ass'n v. Evans, 321 F.3d 220, 224 (1st Cir. 2003).

## III.    Analysis

ERISA preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144. The term "employee benefit plan" includes employer-administered apprenticeship programs. 29 U.S.C. § 1002(1). However, ERISA only covers benefit programs that the employer finances through a separate fund; "an employee benefit program not funded through a separate fund is not an ERISA plan." Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., 519 U.S. 316, 326 (1997).

A state law "relates to" an ERISA plan (and so is preempted) if it "has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983). This standard sets a two-prong test: the state law is preempted either if it has a "reference" to an ERISA plan, or if it has a "connection with" such a plan. A state law has reference to an ERISA plan if it "acts immediately and exclusively upon ERISA plans," or if "the existence of ERISA plans is essential to the law's operation."

2

<u>Dillingham</u>, 519 U.S. at 325. Separately, a state law has a connection with ERISA plans if it "mandate[s] employee benefit structures or their administration." <u>Id.</u> at 328 (quoting <u>N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 658 (1995)).

The parties agree that Quincy's apprenticeship requirement has no reference to an ERISA plan, because it applies to both ERISA and non-ERISA apprenticeship programs (that is, both separately-funded and non-separately-funded programs). <u>See id.</u> at 325 (finding no reference where "approved apprenticeship programs need not necessarily be ERISA plans"). Therefore, the only question is whether Quincy's apprenticeship requirement has a "connection with" ERISA apprenticeship programs.

It does. Quincy's regulation requires bidders to "maintain or participate in a bona fide apprentice training program . . . that is approved by the [Massachusetts] Division of Apprentice Training." Docket # 26, Ex. B, at 1.[1] First, then, Quincy requires its bidders to have an apprenticeship program. <u>But cf.</u> <u>Simas v. Quaker Fabric Corp. of Fall River</u>, 6 F.3d 849, 852 (1st Cir. 1993) ("[A] state statute that obligates an employer to establish an employee benefit plan is itself preempted even though ERISA itself neither mandates nor forbids the creation of plans.") Second, Quincy requires bidders' apprenticeship programs to be approved by the Massachusetts Division of Apprentice Training. That necessitates compliance with a number of state regulations, including substantive training standards, program performance standards, and recordkeeping

_____

[1] This version of the regulation, proffered in the original complaint and as an exhibit to Quincy's motion from summary judgment, dates to 2000. The record also reflects an updated version of the regulation from 2010 with slightly different wording. <u>See</u> Docket # 23, Ex. A. The differences are insignificant.

standards. See 453 Mass. Code Regs. § 7.01 et seq. So Quincy's regulation effectively makes Massachusetts standards mandatory for its bidders' apprenticeship programs, including any ERISA apprenticeship programs. By setting compulsory standards that apply to ERISA apprenticeship programs, Quincy's regulation "mandate[s] employee benefit structures [and] their administration." Dillingham, 519 U.S. at 328 (quoting Travelers, 514 U.S. at 658). It is therefore preempted for its "connection with" ERISA plans.

The contrast between this case and Dillingham is instructive. In Dillingham, the Supreme Court considered a California statute allowing contractors to pay a lower wage to workers in approved apprenticeship programs but not unapproved apprenticeship programs. The Court found ERISA did not preempt the California statute because the statute only gave employers an economic incentive to use approved apprenticeship programs; its strictures were not mandatory. See id. at 330-34. The Court emphasized in upholding the statute that "[n]o apprenticeship program is required by California law to meet California's standards." Id. at 332.

Here, on the other hand, Quincy's regulation requires every bidder to have an apprenticeship program meeting Massachusetts standards. The regulation thus has a connection with the ERISA apprenticeship programs it governs. See Minn. Chapter of Associated Builders & Contractors v. Minn. Dep't of Pub. Safety, 267 F.3d 807, 814-18 (8th Cir. 2001); Simas, 6 F.3d at 852 ("By preventing states from imposing divergent obligations, ERISA allows each employer to create its own uniform plan . . . capable of applying uniformly in all jurisdictions where the employer might operate."); Utility

4

Contractors Ass'n of New Eng. v. City of Fall River, Civil Action No. 10-10994-RWZ, 2011 WL 4710875 at *7 (D. Mass. Oct. 4, 2011) ("Fall River . . . not only requires bidders and contractors to operate such a program, but also requires approval by the state . . . . Such an apprenticeship program mandate is preempted by ERISA.").

Quincy emphasizes that neither of the construction companies appearing as plaintiffs actually operates an ERISA apprenticeship program. The plaintiffs finance their apprenticeship programs from their general assets, not from separate funds. But the test for ERISA preemption is not whether the regulation has a connection with ERISA plans operated by these plaintiffs, but whether it has a connection with ERISA plans generally. Because the regulation sets mandatory standards that apply to ERISA programs as well as non-ERISA programs, it is preempted.

Quincy's apprenticeship requirement is substantively identical to the one this court struck down sixteen months ago. See Fall River, 2011 WL 4710875 at *7. Now as then, ERISA preempts mandatory apprenticeship program requirements.

## IV. Conclusion

Plaintiffs' motion for partial summary judgment (Docket # 23) is ALLOWED. Quincy's motion for partial summary judgment (Docket # 21) is DENIED. The parties shall prepare an order for final judgment.


_____February 1, 2013_____              _____/s/Rya W. Zobel_____
            DATE                                    RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE