UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10458-RWZ

MERIT CONSTRUCTION ALLIANCE, *et al.*

v.

CITY OF QUINCY

MEMORANDUM OF DECISION

August 21, 2013

ZOBEL, D.J.

The City of Quincy moves for reconsideration of my decision awarding attorneys' fees to plaintiffs under 29 U.S.C. § 1132(g)(1). It argues that neither plaintiffs nor their cause of action is covered by that statute.

A motion for reconsideration seeks an extraordinary remedy that should rarely be granted. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Such motions "are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (alteration in original) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)). "Instead, motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that

the original decision was based on a manifest error of law or was clearly unjust." Id.

Quincy does not present any newly discovered evidence or any intervening change in the law. Instead, it raises legal arguments that could and should have been presented in its original opposition to plaintiffs' motion for attorneys' fees. I will therefore reconsider my previous decision only if it was based on a manifest error of law or was clearly unjust.

The fee-shifting statute at issue states: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Quincy raises two arguments for why that statute cannot apply here. First, Quincy argues that none of the plaintiffs were a "participant, beneficiary, or fiduciary" in any relevant ERISA plan. It concedes that named plaintiff David Ross is a participant in an ERISA plan administered by his employer, named plaintiff Grasseschi Plumbing & Heating, Inc. ("Grasseschi"). Quincy argues, however, that the present suit did not involve the ERISA plan in which Ross is a participant. Second, Quincy contends that the present action was not brought "under" ERISA, as required by § 1132(g)(1). It notes that the complaint cites the state and federal declaratory judgment acts for its causes of action, rather than any ERISA-specific provisions, and argues that ERISA cannot support a claim for declaratory judgment of preemption.

In the typical case, § 1132(g)(1) provides for fee-shifting in a dispute over the operation of a particular ERISA plan. See, e.g., Colby v. Union Sec. Ins. Co., 705 F.3d 58, 68 (1st Cir. 2013) (affirming award of fees under § 1132(g)(1) where plaintiff, a plan

2

participant, claimed she had been wrongly denied benefits). This case is different. Here, plaintiffs seek fees under § 1132(g)(1) for litigating a preemption question: namely, whether ERISA preempted the Quincy ordinance requiring public works contractors to maintain an apprenticeship program. If that ordinance were valid, it would have required Grasseschi to include an apprenticeship program as part of the benefit package that it offers to Ross and its other employees. Grasseschi currently offers an apprenticeship program that is funded from general corporate assets, and therefore not governed by ERISA; it is not clear how Quincy's ordinance would affect that program (if at all).

It is a close question whether § 1132(g)(1) should be read to allow attorneys' fees for a participant who challenges a city ordinance as preempted under ERISA, especially when that ordinance has at best an indirect effect on the participant's own plan. The Sixth Circuit has indicated, though not explicitly held, that attorneys' fees may be available under § 1132(g)(1) in ERISA preemption cases. See Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 556-58 (6th Cir. 1987) (reversing the district court's award of fees to a defendant in an ERISA preemption case on the ground that the district court misapplied the traditional five-factor test). On the other hand, the Ninth Circuit has refused to award fees under 42 U.S.C. § 1988 in ERISA preemption cases, though not explicitly addressing whether fees might be available under § 1132(g) in an appropriate case. See Assoc. Gen. Contractors v. Smith, 74 F.3d 926, 930-31 (9th Cir. 1996); Dillingham Constr. N.A. v. Cnty. of Sonoma, 57 F.3d 712, 722 (9th Cir. 1995), rev'd on other grounds sub nom. Dillingham Constr. N.A. v. Cal. Div. of Labor

Standards Enforcement, 519 U.S. 316 (1997).

In isolation, the language of § 1132(g)(1) indicates that attorney's fees may be appropriate in certain ERISA preemption cases. Again, the statute authorizes fee-shifting "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(g)(1). One such "action under this subchapter" appears in § 1132(a)(3), which provides a civil action for "a participant, beneficiary, or fiduciary . . . to enforce any provisions of this subchapter." 29 U.S.C. § 1132(a)(3)(B)(ii). That provision has been interpreted to allow an appropriate plaintiff to seek declaratory or injunctive relief to "enforce" ERISA's preemption provision, § 1144(a), against a preempted state regulation. See Denny's, Inc. v. Cake, 364 F.3d 521, 524-28 (4th Cir. 2004); Thiokol Corp v. Dep't of Treasury, 987 F.2d 376, 380 (6th Cir. 1993); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 26-27 (1983) ("[A] participant, beneficiary, or fiduciary of a plan covered by ERISA may bring a declaratory judgment action in federal court to determine whether the plan's trustees may comply with a state levy on funds held in trust.") cf. NGS Am., Inc. v. Jefferson, 218 F.3d 519, 524-30 (6th Cir. 2000) (holding a fiduciary cannot "enforce" § 1144(a) by a suit for declaratory or injunctive relief against a beneficiary); Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1523-24 (11th Cir. 1987) (same). In other words, ERISA provides a civil action by which a plan participant can seek a declaratory judgment that ERISA preempts a particular state regulation. That is exactly what happened here: Ross, a plan participant, sought a declaratory judgment that ERISA preempted Quincy's regulation. If § 1132(a)(3) afforded Ross a cause of action to bring this suit,

4

then § 1132(g)(1) clearly authorizes him to seek his attorneys' fees.

On the other hand, the present suit is likely not what Congress had in mind when it enacted § 1132(a)(3) and § 1132(g)(1). The fact that Ross participates in an ERISA plan administered by Grasseschi is only tangentially related to Ross's interest in Quincy's apprenticeship requirement and in this lawsuit. And plaintiffs' complaint does not characterize the suit as one brought under § 1132(a)(3) to "enforce any provisions" of ERISA; it cites only the state and federal declaratory judgment acts in support of its claim for declaratory relief.

The proper interpretation of § 1132(g)(1) in these circumstances thus remains unclear. But since neither the statutory text nor any relevant precedent demonstrates that plaintiffs are plainly ineligible for attorneys' fees under § 1132(g)(1), Quincy has failed to show that the court's prior ruling was based on a manifest error of law or was clearly unjust. Its motion for reconsideration (Docket # 44) is therefore DENIED.

|  |  |
|---|---|
| August 21, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |