UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10458-RWZ

MERIT CONSTRUCTION ALLIANCE, *et al.*

v.

CITY OF QUINCY

<u>FINAL JUDGMENT</u>

August 27, 2013

ZOBEL, D.J.

   In accordance with this court's Memorandum of Decision on summary judgment, dated February 1, 2013; its Memorandum of Decision on attorneys' fees, dated August 2, 2013; its Memorandum of Decision denying reconsideration, dated August 21, 2013; and certain stipulations of the parties entered on the docket of this court,

IT IS HEREBY ORDERED THAT:

1. The claims raised in Counts II, VI, and VII of the complaint are hereby dismissed, without prejudice, in accordance with the stipulation of the parties;

2. Judgment shall enter for plaintiffs on Counts I, IV, and V, by agreement of the parties;

3. Judgment shall enter for plaintiffs on Count III, in accordance with the findings and order set forth in this court's Memorandum of Decision dated February 1, 2013;

4. In accordance with said Memorandum of Decision, this court declares that:

    A. Sections 15.26.010(D) and 12.28.010 of the Revised Ordinances of the City of Quincy (the "Residency Requirements") violate Article IV, § 2 of the United States Constitution, and are therefore null and void;

    B. Sections 15.26.010(E) and (H) of the Revised Ordinances of the City of Quincy (the "Health and Pension Plan Requirements") are preempted by the Employee Retirement and Income Security Act ("ERISA") under 29 U.S.C. § 1144(a), and are therefore null and void;

    C. Section 15.26.010(C) of the Revised Ordinances of the City of Quincy (the "Apprenticeship Requirement") is preempted by ERISA under 29 U.S.C. § 1144(a), and is therefore null and void.

5. Defendant City of Quincy, its officers, elected officials, agents, servants, employees, attorneys, and all other persons in active concert or participation with it or them, are hereby permanently enjoined from enacting or enforcing any ordinance or regulation applicable to Quincy public works projects that requires those seeking to prequalify to bid work, those bidding work, or those awarded contracts, to hire, employ, or otherwise favor Quincy residents on such projects; and/or which mandates that those bidding must provide employees a pension, annuity, group health insurance plan, apprentice program or similar benefit, including but not limited to Sections 15.26.010(C), (D), (E), and (H) and 12.28.010 of the Revised Ordinances of Quincy, unless the City of Quincy first obtains approval of this court.

6. Plaintiffs' motion for attorneys' fees is granted, and defendant's motion for

reconsideration is denied. Defendant City of Quincy shall reimburse plaintiffs the amount of $81,007.85 in attorneys' fees within thirty days of the entry of this order of final judgment.

SO ORDERED.

    August 27, 2013                                                           /s/Rya w. Zobel
           DATE                                                             RYA W. ZOBEL
                                                                        UNITED STATES DISTRICT JUDGE